1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

PATRICIA OGLETREE,                          )   1:07cv0920 DLB
                                            )
                                            )
                  Plaintiff,                )   ORDER REGARDING
                                            )   PETITION FOR FEES
       v.                                   )
                                            )   (Document 24)
MICHAEL J. ASTRUE, Commissioner             )
of Social Security,                         )
                                            )
                                            )
                                            )
                  Defendant.                )
_____       )

17       This matter is before the Court on a petition for attorneys' fees and costs under the Equal

18   Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on August 6, 2008, by Plaintiff's

19   attorney, Ann M. Cerney.  Defendant did not file an opposition.[1]

20       The parties have consented to the jurisdiction of the United States Magistrate Judge.

21                                      **BACKGROUND**

22       Plaintiff commenced the instant action on June 25, 2007.  On June 10, 2008, the Court

23   reversed and remanded the action for further proceedings.

24       By this motion, Ms. Cerney requests $5,215.63 in attorneys' fees pursuant to the EAJA.

25

26

27   _____

28   [1] Counsel served Defendant's office with the motion on August 6, 2008.  Defendant was also served via the
     "Notice of Electronic Filing" on August 6, 2008.  Local Rule 5-135(a).

1

1

**<u>DISCUSSION</u>**

2          Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the

3  Court finds that the  demonstrates that its position in the litigation was "substantially justified,"

4  or that "special circumstances make an award unjust."  28 U.S.C. § 2412 (d)(1)(A).  An award of

5  attorney fees must be reasonable.  <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1145 (9th Cir. 2001).

6  "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award,

7  and charges that are not properly billable to a client are not properly billable to the government.

8  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983).

9          In her application, Ms. Cerney requests attorneys' fees in the amount of $5,215.63 for her

10  services, and for services performed by attorney Sarah H. Bohr.  In support of her request, she

11  attaches itemizations of time spent from June 22, 2007, through August 6, 2008.[2]

12          Plaintiff was the prevailing party in this action.  As to whether the Commissioner's

13  position was substantially justified, it is the government's burden to demonstrate that its position

14  was substantially justified in law and fact.  <u>Williams v. Bowen</u>, 966 F.2d 1259, 1261 (9th Cir.

15  1991).  Here, Plaintiff has alleged that Defendant's position was not substantially justified for a

16  number of reasons.  Because Defendant has not opposed the motion, it has not sustained its

17  burden of demonstrating otherwise.

18          Notwithstanding Defendant's failure to oppose the motion, the Court finds that

19  Defendant's position was not substantially justified based on the record.  In its June 10, 2008,

20  order, the Court agreed with all three of Plaintiff's arguments and remanded the action.  On the

21  issue of whether the ALJ erred in failing to employ the Psychiatric Review Technique, Defendant

22  essentially conceded that the ALJ failed to do so but argued that the error was harmless.  The

23  Court disagreed.  As to the ALJ's rejection of Dr. Hawkins' opinion, the Court found numerous

24  errors in the ALJ's analysis and concluded that "ALJ Haubner's treatment of the medical record

25  suggests an affirmative effort on his part to interpret the evidence so as to deny benefits."

26  _____

27          [2] For civil actions commenced on or after March 29, 1996, the EAJA provides for an hourly rate of
$125.00, unless the court determines that an adjustment for cost of living or a special factor justifies a higher fee.  28

28  U.S.C. § 2412(d)(2)(A).  Ms. Cerney calculates the cost of living increases as providing for an hourly rate of
$166.46 in 2007 and $175.67 in 2008.  The Court finds these to be reasonable rates.

1   Opinion, at 14.  Given the egregiousness of the ALJ's actions, Defendant's defense thereof

2   cannot be said to have been substantially justified.

3        The Court has reviewed the itemizations submitted by Ms. Cerney and finds that the

4   requested fees are reasonable and not excessive.  Accordingly, the petition for fees is GRANTED

5   in the amount requested.

6                                **AWARD**

7        Ms. Cerney's petition is GRANTED.  She is awarded fees in the total amount of

8   $5,215.63.

9

10        IT IS SO ORDERED.

11   **Dated:    September 22, 2008**              _____/s/ **Dennis L. Beck**_____
                                                   UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28